# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDY D. KINCAID,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0026** (BOR Appeal No. 2047422)
                    (Claim No. 2010113882)

**MAPLE COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randy D. Kincaid, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Maple Coal Company, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 18, 2012, in which the Board affirmed a July 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 10, 2011, decision granting Mr. Kincaid an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kincaid worked as an underground coal miner for Maple Coal Company. On September 4, 2009, he was operating a scoop in an underground mine. He ran over a rib roll causing him to hit his head on the canopy of the scoop and injure his cervical spine. The claims administrator initially rejected the claim, but the Office of Judges held the claim compensable. Prasadarao B. Mukkamala, M.D., then evaluated Mr. Kincaid and found that he had a cervical strain causing a disc protrusion at the C6-7 disc. Dr. Mukkamala noted that Mr. Kincaid had a prior neck injury while working for a different employer but found that it had completely healed.

1

Dr. Mukkamala determined that Mr. Kincaid had not reached his maximum degree of medical improvement and that it was inappropriate to evaluate him for permanent impairment at that time. Two months later, Dr. Mukkamala evaluated Mr. Kincaid a second time and found that he had reached his maximum degree of medical improvement. Dr. Mukkamala determined that Mr. Kincaid had 13% whole person impairment for his cervical spine under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Mukkamala then adjusted his finding to an 8% whole person impairment rating to fit within Cervical Category II of West Virginia Code of State Rules § 85-20-E (2006). On February 10, 2011, the claims administrator granted Mr. Kincaid an 8% permanent partial disability award. Yogesh Chand, M.D., also evaluated Mr. Kincaid and determined that he had 18% whole person impairment because his symptoms fit within Cervical Category III of West Virginia Code of State Rules § 85-20-E. Dr. Chand apportioned 3% impairment to Mr. Kincaid's pre-existing cervical arthritis and found that he had 15% whole person impairment related to the compensable injury. Dr. Mukkamala then issued a supplemental report stating that some apportionment for Mr. Kincaid's past neck injury would be reasonable. Nevertheless, Dr. Mukkamala stated that he believed the entire 8% impairment calculated in his independent medical evaluation was related to the compensable injury. On July 6, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on December 18, 2012, leading Mr. Kincaid to appeal.

The Office of Judges concluded that Mr. Kincaid was entitled to an 8% permanent partial disability award as a result of the injury to his cervical spine. The Office of Judges based this determination on the recommendation of Dr. Mukkamala, which it found was the only reliable evidence of Mr. Kincaid's permanent impairment. The Office of Judges found that Dr. Mukkamala properly based his recommendation on the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20-E. The Office of Judges determined that Dr. Chand's report could not be considered reliable. It found that Dr. Chand evaluated Mr. Kincaid for permanent impairment despite finding that he had not reached his maximum degree of medical improvement. The Office of Judges also found that Dr. Chand did not reference the American Medical Association's *Guides* in determining Mr. Kincaid's whole person impairment. Finally, the Office of Judges determined that Dr. Chand did not adequately justify placing Mr. Kincaid in Cervical Category III of West Virginia Code of State Rules § 85-20-E because there was no objective evidence of radiculopathy. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Kincaid has not demonstrated that he is entitled to any greater than an 8% permanent partial disability award for his cervical injury. Dr. Mukkamala provided the only reliable rating of Mr. Kincaid's cervical impairment, and he found that Mr. Kincaid had 8% whole person impairment. Dr. Chand's evaluation was not reliable. He did not comply with West Virginia Code of State Rules § 85-20-64.1 (2006) because his impairment recommendation was not based on the range of motion model of the American Medical Association's *Guides*.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

2

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II